BEN HOOKER v. THE STATE.

*No. 3637.   Decided December 17.*

**Rape—Fact Case.**—See the opinion for the substance of evidence *held* insufficient to support a conviction for rape.

APPEAL from the District Court of Navarro.    Tried below before Hon. R. Hardy.

The opinion discloses the case.   The penalty assessed against the appellant was a term of five years in the penitentiary.

*J. D. Lee,* for appellant.

*W. L. Davidson,* Assistant Attorney-General for the State.

WHITE, PRESIDING JUDGE.—The following concise, but in our opinion fair and substantial statement of this case, with a few additions, we take from the brief of the attorney for the appellant:

This is an appeal from a judgment of conviction for rape.   The record shows that on December 24, 1889, at about 8 o'clock p. m., the appellant, together with two others, went to the house of D. N. Spence, who was a farmer living with his family in Limestone County.   Arrived at Spence's

house, one of the friends of appellant produced a bottle of whisky, from which they all drank, Spence joining them.    After some time Spence became drunk and retired to bed.    The Spence residence consisted of a single room 16 by 16 feet, in which were three beds.    The chimney was at the north end, and a door at each side.    One bed, occupied by the old people, was situated in the northwest corner by the fireplace.    The other two beds occupied the southeast and southwest corners.    The family consisted of nine members, five of whom were grown, and all present that night. About 2 o'clock on the morning of the 25th a crowd of six or seven others came to Spence's house, who, when they could not get into the house, created a disturbance on the outside by shooting, yelling, etc.    It was during this excitement that the prosecutrix claims to have been raped.    Appellant was sitting on a chair between the beds in the south end of the room.    In the room were the father, mother, and two grown sisters of the prosecutrix, a brother 12 or 13 years old, and two men.    Appellant pulled the prosecutrix, who was holding her bastard child, one and a half years old, in her arms, down into his lap and "done his work."    The mother heard her say "Don't do that; quit, let me alone" several times, and heard appellant say, "Damn you, I will have it in spite of your teeth," but beyond this there was no complaint.    Appellant remained all night, and the next morning when the father awoke and discovered appellant and the prosecutrix on the bed together he scolded her.

About a week later the prosecutrix told Tom Townsend, who is not akin to her, about the affair.

The family moved to McLennan County soon afterwards, and on the 27th day of January an affidavit was made by the father, mother, and a sister of the prosecutrix, and by the prosecutrix herself, that no rape was committed and none attempted at the time and place charged.    This affidavit was presented to the grand jury of Limestone County, and it failed to find a bill.

One witness testified that he heard appellant say that these affidavits were worth $1000 to him.

We do not believe the evidence is sufficient upon which to base a conviction for rape.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.